**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 05-7607**

—————————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

          versus

ANDREA MELINDA GLEATON,

                                    Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-01-130; CA-04-194)

—————————

Submitted:  February 28, 2006          Decided:  March 22, 2006

—————————

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Andrea Melinda Gleaton, Appellant Pro Se.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andrea Melinda Gleaton seeks to appeal the district court's order denying relief on her 28 U.S.C. § 2255 (2000) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States is a party, a notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's judgment was entered on the docket on May 21, 2004. The notice of appeal, which Gleaton herself dated August 29, 2005, was late.[*] Because Gleaton failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

presented in the materials before the court and argument would not aid the decisional process.

DISMISSED